IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MATTHEW G. COLLINS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-1292-R |
| PAYNE COUNTY DISTRICT ATTORNEY, MICHEAL KHOLING, Assistant District Attorney, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has initiated a suit under 42 U.S.C. § 1983 alleging prosecutors – the unnamed Payne County District Attorney, and Michael Kholing, a Payne County Assistant District Attorney – offered him an illegal split sentence, which he accepted and ultimately received. Doc. 1, at 2, 3. United States District Court Judge David L. Russell referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). On screening, the undersigned recommends the court dismiss Plaintiff's complaint.

**I.  Plaintiff's allegations.**

Plaintiff's complaint lacks detail regarding criminal conviction, but he does give his case number (CF-2011-268), Doc. 1, at 2, and the court judicially

notices[1] that in Payne County District Court, Plaintiff pleaded guilty to robbery with a firearm and possession of a firearm after a former felony conviction. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=payne&number=CF-2011-268 (last accessed Dec. 9, 2015). The trial court sentenced Plaintiff to "one to ten years" in the Oklahoma Department of Corrections "less and except [seven] years to be suspended with credit for time served . . . ." *Id.* Plaintiff alleges his "[c]onstitutional rights [were] violated by being convicted of a split sentence[,]" Doc. 1, at 3, and accuses Defendants of offering Plaintiff a split sentence "[k]nowing it was illegle [sic]." *Id.* at 2. Plaintiff seeks monetary damages and to have this Court vacate his "conviction and all fines and court cost[s]." *Id.* at 5.

## II. Screening responsibilities.

Because Plaintiff has sued government officials, the court has a duty to screen the complaint. *See* 28 U.S.C. § 1915A(a). To that end, the court must dismiss any claim that: (1) fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1)-(2).

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

## III. Plaintiff's claim for monetary relief.

Plaintiff seeks monetary relief from Defendants based on the prosecutors' conduct during prosecution, i.e., their offering Plaintiff a split sentence. But "[p]rosecutors are absolutely immune for those activities intimately associated with the judicial phase of the criminal process." *Thomas v. Kaven*, 765 F.3d 1183, 1191 (10th Cir. 2014) (citations and internal quotations omitted). This process includes conducting plea negotiations. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir. 1991) (holding state attorneys' "offers were akin to plea bargaining, an activity that is absolutely immune from liability due to its intimate association with the judicial process"); *McDonald v. Langley*, No. CIV-08-096-JHP-SPS, 2009 WL 884569, at *2 (E.D. Okla. Mar. 30, 2009) (unpublished order) ("The doctrine of absolute immunity extends to a prosecutor's conduct of plea bargain negotiations, because of 'its intimate association with the judicial process.'" (quoting *Pfeiffer*, 929 F.2d at 1492)). So, the undersigned finds Defendants are absolutely immune from Plaintiff's claim for monetary damages and the court should dismiss the claim with prejudice. *See Glaser v. City & Cnty. of Denver, Colo.*, 557 F. App'x 689, 706 (10th Cir. 2014) (affirming the district court's dismissal of claims against prosecutor "with prejudice").

## IV. Plaintiff's request for release.

Because Plaintiff asks the court to vacate his sentence, the undersigned assumes he wishes to be released from confinement. But § 1983 is an inappropriate avenue for that relief – Plaintiff should instead file a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief . . . instead." (citations omitted)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Under some circumstances, the court may liberally construe a § 1983 complaint to *be* a writ of habeas corpus. *See Padilla v. Enzor*, 279 F. App'x 606, 610 (10th Cir. 2008) ("[A] federal court, affording a pro se inmate's pleadings liberal construction, might treat § 1983 claims such as these to be, instead, claims seeking habeas relief under 28 U.S.C. § 2254."). But "because of the 'strict limitations' the Antiterrorism and Effective Death Penalty Act of 1996 . . . places on second or successive habeas claims, a state prisoner 'may prefer to have his claim dismissed rather than be recharacterized as a § 2254

4

claim because of the potential consequences with respect to any § 2254 claim he may file in the future.'" *Id.* (quoting *Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005)).

Plaintiff supplies the court with rather conclusory allegations regarding his state criminal conviction and he may have other challenges to his conviction that did not involve Defendants and may not have been raised in this complaint. Further, the court judicially notices that Plaintiff has not moved to withdraw his guilty plea and the State's attempt to revoke his suspended sentence is ongoing. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=payne&number=CF-2011-268 (last accessed Dec. 9, 2015). So, rather than treating Plaintiff's claim as one for habeas relief and dismissing it on those grounds, the undersigned recommends the court dismiss Plaintiff's § 1983 challenge to his sentence without prejudice. If and when Plaintiff's conviction is ripe for habeas review, Plaintiff may bring his claims in the proper forum.

## V. Recommendation and notice of right to object.

The undersigned recommends the court dismiss Plaintiff's claim for monetary relief against Defendants *with* prejudice, and dismiss Plaintiff's request for release from his state sentence *without* prejudice. The court's adoption of this report and recommendation will moot Plaintiff's pending motion for leave to proceed in forma pauperis, Doc. 2.

The undersigned advises Plaintiff he has the right to file an objection to the report and recommendation with the Clerk of this Court by December 30, 2015 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The court's adoption of this recommendation will terminate the referral in the present case.

ENTERED this 10th day of December, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE